Josephine Wang
General Counsel
Christopher H. LaRosa
Senior Associate General Counsel – Litigation
Nathanael Kelley
Staff Attorney
SECURITIES INVESTOR PROTECTION
CORPORATION
805 15th Street, N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 371-8300
E-mail: jwang@sipc.org
E-mail: clarosa@sipc.org
E-mail: nkelley@sipc.org

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Case No. 13-01152-ess (SIPA) |
| Plaintiff-Applicant, | |
| v. | |
| TWS FINANCIAL, LLC, | |
| Defendant. | |

**TRUSTEE'S *EX PARTE* APPLICATION FOR ENTRY OF AN ORDER APPROVING FORM AND MANNER OF PUBLICATION AND MAILING OF NOTICE OF COMMENCEMENT OF LIQUIDATION; SPECIFYING PROCEDURES AND FORMS FOR FILING, DETERMINATION, AND ADJUDICATION OF CLAIMS; GRANTING INVESTIGATIVE POWERS TO THE TRUSTEE; FIXING A HEARING ON DISINTERESTEDNESS OF THE TRUSTEE'S COUNSEL; FIXING A MEETING OF CUSTOMERS AND OTHER CREDITORS; AND FIXING INTERIM REPORTING PURSUANT TO SIPA**

TO THE HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE

The Securities Investor Protection Corporation ("SIPC" or "Trustee"), as Trustee for the liquidation of the business of TWS Financial, LLC ("TWS Financial" or "Debtor"), pursuant to

the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), by and through its undersigned counsel, respectfully requests the entry of an order (i) approving the form and manner of publication and mailing of the notice of commencement of this proceeding; (ii) specifying procedures and forms for the filing, determination, and adjudication of claims; (iii) granting investigative powers to the Trustee; (iv) fixing a hearing on disinterestedness of the Trustee's counsel; (v) fixing a meeting of customers and other creditors; and (vi) fixing an interim reporting procedure pursuant to SIPA. In support of this Application, the Trustee respectfully states as follows:

**Background**

1. On May 23, 2013, pursuant to SIPA section 78eee(a)(3), SIPC filed an application in the United States District Court for the Eastern District of New York, in the case captioned *Securities Investor Protection Corp v. TWS Financial, LLC*, No. 13-cv-03028-RRM-MDG (E.D.N.Y.), for a decree adjudicating that customers of TWS Financial are in need of the protection afforded by SIPA. Pursuant to section 78lll(7) of SIPA, that date constitutes the "filing date" of this liquidation, as of which customer "net equities" will be calculated.

2. On May 31, 2013, the Honorable Roslynn R. Mauskopf, Judge of the United States District Court for the Eastern District of New York, entered an Order (the "Liquidation Order") placing TWS Financial in liquidation under SIPA, appointing SIPC as Trustee pursuant to section 78eee(b)(3) of SIPA, and removing this case to the United States Bankruptcy Court for the Eastern District of New York pursuant to section 78eee(b)(4) of SIPA.

**Notice of Commencement**

3. Section 78fff-2(a)(1) of SIPA provides that, promptly after his appointment, a trustee shall cause notice of the commencement of proceeding to be published in one or more

newspapers of general circulation in the form and manner determined by the Court. The Trustee requests that this Court enter an order directing the Trustee to publish notice (the "Notice of Commencement" or "Notice") substantially in the form attached hereto as Exhibit A no later than twenty-one (21) days from the date the Court files with the Clerk of the Court the Order granting the within Application. The date on which the Notice is published is referred to herein as the "Date of Publication." Based upon the locations of the Debtor's customers and of the Debtor's principal place of business, the Trustee requests that the Court enter an order directing it to publish the Notice in the following newspapers:

A. The Wall Street Journal (National Edition)

B. La Nación (Argentina)

C. Warsaw Gazette (Gazeta Wyborcza, Poland)

A certified translation of the Notice from English into Spanish will be published in La Nación. A certified translation of the Notice from English into Polish will be published in the Warsaw Gazette (Gazeta Wyborcza). The requested time within which to publish is based upon the complexities that may arise from and the lead time requirements of publishing in international newspapers.

4. SIPA section 78fff-2(a)(1) provides that a trustee shall cause the Notice to be mailed to the address of each person who, from the books and records of the debtor, appears to have been a customer of the debtor with an open account within the past twelve (12) months, as well as other creditors of the estate, as such address appears from the debtor's books and records. The Trustee requests that this Court enter an order directing the Trustee to effect such mailing of the Notice substantially in the form attached hereto as Exhibit A to persons who, as identified

from the Debtor's books and records, may have claims as customers or general creditors, on the filing date, and finding that such mailing complies with the Notice Provision.

**Claims Process**

5. The Trustee requests that this Court authorize it, as provided in section 78fff-2(b) of SIPA, to satisfy customer claims insofar as the claims agree with the Debtor's books and records or are otherwise established to the Trustee's satisfaction, without further order of this Court.

Procedures

6. In order to expedite the protection of customers of the debtor under SIPA, the Trustee requests the approval by the Court of the procedures prescribed in section 78fff-2(c)(2) for the delivery of "customer name securities" and in 78fff-2(b) of SIPA. The latter section provides the following:

> [T]he court shall, among other things –
>
> (1) with respect to net equity claims, authorize the trustee to satisfy claims out of moneys made available to the trustee by SIPC notwithstanding the fact that there has not been any showing or determination that there are sufficient funds of the debtor available to satisfy such claims; and
>
> (2) with respect to claims relating to, or net equities based upon, securities of a class and series of an issuer which are ascertainable from the books and records of the debtor or are otherwise established to the satisfaction of the trustee, authorize the trustee to deliver securities of such class and series, if and to the extent available to satisfy such claims in whole or in part, with partial deliveries to be made pro rata to the greatest extent considered practicable by the trustee.

7. The Trustee anticipates that persons may file claims seeking protection as a "customer" of the debtor which the Trustee may disallow in their entirety, disallow as a protected "customer" claim, or disallow in part. The Trustee proposes that a procedure be established, by

the order of this Court, for the expeditious resolution of disputes which may arise between the Trustee and claimants. The Trustee suggests the following procedure for those claims for protection as a customer of the debtor, as defined in SIPA, which are not allowed as filed:

(1) The Trustee will notify the claimant, by certified mail, that the Trustee has determined that the claimant's claim has been disallowed in whole or in part or has otherwise not been approved for satisfaction as filed. Notification shall be in a form similar to the Notice of Determination of Claim, attached hereto as Exhibit G. If a claimant is aggrieved by the determination of the Trustee, the claimant shall be afforded the opportunity to have the matter heard by the Court as a contested matter under Rule 9014 of the Bankruptcy Rules, consistent with the procedures set forth herein.

(2) The claimant shall request a hearing before this Court by filing a request in accordance with the instructions included with the Trustee's determination. The claimant shall file the request for a hearing with this Court in accordance with local rules and serve it upon SIPC, as Trustee for TWS Financial, LLC, 805 15th Street, N.W., Suite 800, Washington, D.C. 20005, Attn: Christopher H. LaRosa, Esq., within thirty days of the date on which the Trustee mailed its determination. The request shall include (i) the claim number; (ii) a detailed statement of the reasons for the claimant's objection to the Trustee's determination; (iii) copies of any documents or other writing upon which the claimant relies; and (iv) an address, phone, and e-mail contact information for the claimant.

(3) The Trustee shall ask the Court to set a time and date for a hearing and shall notify the claimant in writing of the time, date, and place of the hearing.

(4) If a claimant fails to request a hearing within thirty days of the mailing of the Trustee's determination in accordance with the procedures established by this Court's order, or if the claimant fails to appear at the hearing, then the Trustee's determination shall be final.

(5) The Trustee requests authority to compromise and settle any disputed customer claim at any time without further order of this Court.

8. Claims for customer protection that are denied or denied in part may be allowed as secured or unsecured creditor claims. The Trustee and its professionals will review creditor

claims in accordance with SIPA and the Bankruptcy Code. The Trustee will implement procedures for the adjudication of non-customer creditor claims, subject to Court approval as necessary.

Bar Date

9. Section 78fff-2(a)(3) of SIPA provides that no claim of a customer or other creditor of the debtor which is received by the Trustee after the expiration of the six (6) month period beginning on the date of publication of notice of the commencement of proceedings under SIPA shall be allowed, except that the Court may, upon application within such period and for cause shown, grant a reasonable fixed extension of time for the filing of a claim by the United States, by a state or political subdivision thereof, or by an infant or incompetent person without a guardian.

10. Further, and also pursuant to section 78fff-2(a)(3) of SIPA, any claim of a customer for a net equity which is received by the Trustee after the expiration of such period of time as may be fixed by the Court (not exceeding 60 days after the Date of Publication of the notice referred to above) need not be paid or satisfied in whole or in part out of customer property, and, to the extent such claim is satisfied from monies advanced by SIPC, it shall be satisfied in cash or securities (or both) as the Trustee determines is most economical to the estate.

11. The Trustee respectfully requests that the **bar date for all claims be So Ordered as six months days from the Date of Publication, and the bar date for the maximum possible protection for customer claims under SIPA be So Ordered as 60 days from the Date of Publication.**

Form of Documents and Mailing

12. In connection with these claims procedures, the Trustee requests that this Court enter an order approving the form of the following documents:

| | | |
|---|---|---|
| Exhibit B | - | Explanatory Letter to Customers |
| Exhibit C | - | Customer Claim Form and Instructions |
| Exhibit D | - | SIPC Brochures |
| Exhibit E | - | Explanatory Letter to Broker-Dealers (with Series 300 Rules) |
| Exhibit F | - | Explanatory Letter to Other Creditors (with General Creditor Claim Form) |
| Exhibit G | - | Notice of Determination of Claim |
| Exhibit H | - | Proposed Order |

13. The Trustee requests that this Court enter an order directing the Trustee to effect, on the Date of Publication, the mailing, together with the Notice, of documents substantially in the form of Exhibits B through G to persons who, as identified from the Debtor's books and records, may assert claims as customers or general creditors.

14. Section 78fff-2(a)(2) of SIPA provides that claims against the debtor shall be filed with the trustee. The Trustee requests that this Court enter an order directing that claims against the Debtor in this proceeding be filed with SIPC, as Trustee for TWS Financial, LLC, 805 15th Street, N.W., Suite 800, Washington, D.C. 20005.

**Investigative Powers**

15. Section 78fff-1(d) of SIPA requires the Trustee to investigate the "acts, conduct, property, liabilities, and financial condition of the debtor, the operation of its business, and any other matter, to the extent relevant to the liquidation proceeding." SIPA § 78fff-1(d)(1). To

enable the Trustee to conduct this investigation, SIPA requires and empowers the Trustee to examine "by deposition or otherwise, the directors and officers of the debtor and any other witnesses concerning any matters" properly subject to the Trustee's investigation. *See* SIPA § 78fff-1(d)(2). The Trustee must report its investigative findings to the court, including any facts that the Trustee discovers concerning "fraud, mismanagement, and irregularities," and a description of possible causes of action available to the estate. *See* SIPA §§ 78fff-1(d)(1) and (3).

16. Further, to the extent consistent with SIPA, a liquidation proceeding is to be conducted in accordance with, and as though it were being conducted under Chapters 1, 3, and, 5, and subchapters I and II of Chapter 7 of the Bankruptcy Code. *See* SIPA § 78fff(b). Accordingly, to the extent consistent with SIPA, the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") are applicable in a SIPA liquidation.

17. Bankruptcy Rule 2004(a) permits any party in interest to move for an order authorizing the examination of any person or entity. *See* Fed R. Bankr. P. 2004(a). Upon entry of such an order, the production of documents and/or deposition of witnesses may be compelled by subpoena, as provided in Bankruptcy Rule 9016. *See* Fed. R. Bankr. P. 2004(c). An examination made pursuant to Rule 2004 may relate to "the acts, conduct, or property or to the liabilities or financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or the debtor's right to discharge." Fed. R. Bankr. P. 2004(b).

18. In order to facilitate the efficient administration of this liquidation, and to enable the Trustee to conduct and complete in a timely fashion the investigation mandated by SIPA, the Trustee requests that the Court enter an order pursuant to Bankruptcy Rule 2004 and SIPA authorizing the Trustee to issues subpoenas, without separate application to the Court therefor, to compel (1) the deposition of any person or entity within fourteen (14) or more days from the date

of service of a subpoena commanding the same; and (2) the production of documents from any person or entity within fourteen (14) or more days of service of a subpoena commanding the same.

**Disinterestedness of Counsel**

19. Section 78eee(b)(3) of SIPA specifies that no person shall be appointed as attorney for the Trustee in a liquidation under SIPA if such person is not "disinterested" within the meaning of section 78eee(b)(6) of SIPA.[1] Section 78eee(b)(6)(B) of SIPA requires that the court fix a time for hearing on such disinterestedness (and that at least ten (10) days' notice of such hearing be given by mail to the parties specified in said section) for the purpose of considering objections to the retention of the Trustee's attorney based upon lack of disinterestedness in the proceedings. On May 31, 2013, through the Liquidation Order, the law firm of Pachulski Stang Ziehl & Jones LLP was appointed as counsel to the Trustee. The Trustee requests that this Court enter an order setting August 15, 2013, at 9:30 am, as the date and time for the hearing of objections, if any, to the retention of its counsel on the grounds that they are not disinterested. The Trustee further requests that any objections to the retention of its counsel be filed with this Court, with a copy served on the Securities Investor Protection Corporation, Trustee, 805 15th Street, N.W., Suite 800, Washington, D.C. 20005, Attn: Christopher H. LaRosa, Esq., and on Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert J. Feinstein, Esq., not less than five (5) days before the hearing.

[1] SIPA section 78eee(b)(3) specifies that no person may be appointed as trustee unless disinterested. Under SIPA section 78eee(b)(6), SIPC "shall in all cases be deemed disinterested."

**Meeting of Customers and Creditors**

20. The Trustee requests that this Court enter an order designating the Trustee to preside at a meeting of creditors to permit the examination of the Debtor and its officers by the Trustee, creditors or other parties in interest, and further to conduct such business as may properly come before such meeting. The Trustee further requests that this Court enter an order setting the meeting of creditors for August 15, 2013, at 2 pm, or at such other date and time as the Court may set.

**Cooperation of the Debtor**

21. The Trustee requests that this Court enter an order directing the Debtor to comply with SIPA and the pertinent sections of the Bankruptcy Code, including the requirements of the debtor to (a) designate an officer to appear and submit to examination under oath at the meeting of creditors, and (b) comply with the debtor's duties enumerated in section 521 of the Bankruptcy Code (11 U.S.C. § 521), *i.e.*, by (i) the timely filing of a list of creditors, a schedule of assets and liabilities and a statement of financial affairs, (ii) cooperating with the Trustee as necessary to enable the Trustee to perform its duties; and (iii) surrendering to the Trustee all property of the estate and any recorded information, including books, documents, records and papers relating to the estate or its property.

**Combination of Notices**

22. Pursuant to Bankruptcy Rule 9007, which authorizes the combination of notices whenever feasible, the Trustee requests that this Court enter an order directing that notice of the meeting of creditors and notice of the "disinterestedness" hearing may be combined with the Notice of Commencement.

**Interim Reporting**

23. Section 78fff-1(c) of SIPA requires that the Trustee report progress to this Court. The Trustee requests the Court enter an order directing the Trustee to file its first report within 45 days after publication of the notice and at six-month intervals thereafter.

**Notice**

24. The Trustee submits that no notice of the application need be given.

25. No previous application in this connection has been made to this or any other court.

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court enter the proposed order attached hereto as Exhibit H.

Respectfully submitted,

Dated: Washington, D.C.
June 14, 2013

SECURITIES INVESTOR PROTECTION CORPORATION, Trustee for the Liquidation of TWS Financial, LLC

JOSEPHINE WANG
General Counsel

CHRISTOPHER H. LAROSA
Senior Associate General Counsel - Litigation

/s/Nathanael S. Kelley______
NATHANAEL S. KELLEY
Staff Attorney

805 15th Street, N.W.
Suite 800
Washington, D.C. 20005
Telephone: (202) 371-8300
E-mail: jwang@sipc.org
E-mail: clarosa@sipc.org
E-mail: nkelley@sipc.org